# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | **KEVIN L. BURKE,** | : | Chapter 7 |
| | **TERESA L. BURKE,** | : | |
| | | : | |
| | Debtors. | : | Bky. No. 13-19629 ELF |
| | | : | |
| | | : | |
| **TODD NURICK d/b/a,** | | : | |
| **THE NURICK LAW GROUP** | | : | |
| | | : | |
| | Plaintiff, | : | Adv. No. 14-050 |
| | | : | |
| | v. | : | |
| | | : | |
| **KEVIN L. BURKE,** | | : | |
| **TERESA L. BURKE** | | : | |
| | | : | |
| | Defendants. | : | |

# O R D E R

**AND NOW**, upon consideration of the Amended Complaint and the Defendants' Motion to Dismiss the Amended Complaint, it is hereby **ORDERED** that:

1. The Motion is **DENIED**.[1]

---

[1] The Amended Complaint differs from the Complaint in two (2) key respects. First, it contains specific allegations regarding the type and value of the assets that the Plaintiff asserts that the Defendants have concealed. Second, it is limited to a single claim: denial of discharge under 11 U.S.C. §727(a)(2).

Consistent with the legal standards articulated in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 563 n.8 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), the Amended Complaint contains adequate factual detail to support a claim for denial of discharge under 11 U.S.C. §727(a)(2). (While the Defendants may be correct that the Amended Complaint contains one (1) or two (2) other allegations, that apparently are left over from the original Complaint, that are far too general to support any claim for denial of discharge or that might be characterized as <u>non sequiturs</u>, those "rogue" allegations do not undermine the efficacy of the new, detailed factual contentions the Plaintiff has supplied in the Amended Complaint).

Further, I reject the Defendants' suggestion that a complaint must identify the sources of
(continued...)

2.  The Defendants shall file an Answer to the Amended Complaint **on or before July 28, 2014**.

**Date: July 3, 2014**

**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**

---

[1](...continued)
proof of the factual allegations in the Plaintiff's Amended Complaint.  There is no such requirement at the pleading stage of an adversary proceeding.

Nor, in resolving a Rule 12(b)(6) motion, do I understand the relevance of the evidentiary issues involving attorney-client privilege and professional responsibility relating to client confidentiality that the Defendants believe will arise when it comes time for the Plaintiff to prove his claims.  Again, this is only the pleading stage of the proceeding.  If and when those issues arise, they will be addressed.

Finally, I note that the Plaintiff, strangely, did not respond to the Motion.  This was a risky course of action, with the potential that the Motion could have been granted as uncontested.  However, just as a court need not grant a default judgment against a defendant who has been served but does not respond to a complaint that fails to state a claim, see, e.g., Wallace v. Federal Employees of U.S. District Court, EDPA, 325 Fed. Appx. 96, 101 n.5 (3d Cir. 2009) (non-precedential), I have examined the legal sufficiency of the Motion and found it lacking.  In the exercise of the discretion afforded to the court, I decline to dismiss the adversary proceeding due solely to the Plaintiff's failure to respond to the Motion.