**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | **KEVIN L. BURKE,** : | Chapter 7 |
| | **TERESA L. BURKE,** : | |
| | : | |
| | Debtors. : | Bky. No. 13-19629 ELF |
| | : | |
| | : | |
| **TODD NURICK d/b/a,** | : | |
| **THE NURICK LAW GROUP,** | : | |
| | : | |
| | Plaintiff, : | Adv. No. 14-050 |
| | : | |
| v. | : | |
| | : | |
| **KEVIN L. BURKE,** | : | |
| **TERESA L. BURKE,** | : | |
| | : | |
| | Defendants. : | |

# M E M O R A N D U M

## I. INTRODUCTION

In this adversary proceeding, Plaintiff Todd Nurick ("the Plaintiff") requests that the court deny the chapter 7 discharge of Debtor/Defendants Kevin Burke and Teresa Burke (collectively, "the Debtors") pursuant to 11 U.S.C. §727(a)(2).

The Plaintiff represented the Debtor/Defendants Kevin Burke and Teresa Burke (collectively, "the Debtors") in various pre-petition legal matters. His objection is grounded in the Debtors' alleged failure to schedule assets in their bankruptcy schedules, undervaluation of scheduled assets and undisclosed pre-petition transfer of assets.

Before the court is the Debtors' Motion for Summary Judgment ("the Motion"). The Debtors assert, <u>inter alia</u>, that the Plaintiff lacks the evidentiary foundation needed for the denial

of their chapter 7 discharge. For the reasons set forth below, I agree. Therefore, I will grant the Motion and enter judgment in favor of the Debtors.

## II.  BACKGROUND

### A.  Procedural History

On November 1, 2013, the Debtors filed a voluntary chapter 7 case. The chapter 7 trustee filed a report of no assets.

The Plaintiff timely filed his complaint on February 4, 2014 and an amended complaint ("the Amended Complaint") on May 20, 2014. (Doc. #14). After dismissal of their Motion to Dismiss the Amended Complaint, the Debtors filed an Answer to the Amended Complaint on July 28, 2014. (Doc. #19).

The Debtors served Interrogatories, a Request for Production of Documents and Requests for Admission and on September 4, 2014. The Plaintiff did not respond to the Debtors' Interrogatories or Request for Production of Documents, but did answer the Requests for Admission on September 24, 2014. The Plaintiff's Answers to the Requests for Admission is unsigned by either the Plaintiff or his counsel.

Pursuant to the court's Pre-Trial Order, discovery closed October 23, 2014. (See Order, dated July 31, 2014; Doc. #20).

On December 4, 2014, the Debtors filed the Motion. (Doc. #32). The Plaintiff filed (a late) response to the Motion on January 2, 2015 ("the Response"). (Doc. #35).

**B. Factual Allegations**

In the Amended Complaint, Plaintiff alleged that the Debtors knowingly failed to file accurate and complete schedules and a statement of financial affairs in several respects.

More specifically, the Plaintiff alleged that the Debtors failed to schedule certain assets:

- A basement full of collectible toys valued at over $100,000.00. (Am. Compl. ¶16).

- Arcade games (Id. ¶18).

- Comic book collection  (Id. ¶19).

- Gym and work out equipment (Id. ¶20).

The Plaintiff alleged that the Debtors':

- residential real property is worth in excess of $749,000.00 listed on Schedule A. (Id. ¶12).

- furniture is worth in excess of $2,000.00 as listed on Schedule B. (Id. ¶13).

- pool table is worth well in excess of $100.00. (Id. ¶15).

- televisions, surround sound, electronics, and computers are either undervalued or not listed on the schedules. (Id. ¶17).

- jewelry is undervalued at $1,000.00. (Id. ¶21).

Finally, the Plaintiff alleged that the Debtors transferred assets to relatives to defraud creditors. (Id. ¶22).[1]

---

[1] The Plaintiff also alleged that the Defendants "incurred services" from the Plaintiff in a fraudulent manner with the intention of never paying for the services. (Am. Compl. ¶23). This allegation, if proven, could give rise to a determination that the Debtors' debt to the Plaintiff is nondischargeable under 11 U.S.C. §523(a)(2). See, e.g., In re Ricker, 475 B.R. 445, 457 (Bankr. E.D. Pa. 2012) (citing cases). However, it does not state a claim for the denial of the Debtors' entire discharge under 11 U.S.C. 727(a).

### III. SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a),[2] summary judgment must be granted to a moving party when, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. E.g., Tri-M Group, LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011); In re Bath, 442 B.R. 377, 387 (Bankr. E.D. Pa. 2010). Summary judgment is appropriate if there are no disputed issues of material fact and the undisputed facts would require a directed verdict in favor of the movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

On a motion for summary judgment, the court's role is not to weigh the evidence, but to determine whether there is a disputed, material fact for resolution at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A genuine issue of material fact is one in which sufficient evidence exists that would permit a reasonable fact finder to return a verdict for the non-moving party. Id. at 248.

As the parties without the burden of proof at trial, the Debtors may establish they are entitled to summary judgment under Rule 56 either by demonstrating that the undisputed facts negate an element of the Plaintiff's claim or that the Plaintiff lacks evidence to support an essential element of his claim. In re Polichuk, 506 B.R. 405, 422 (Bankr. E.D. Pa. 2014) (citing Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996) and Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 868 F. Supp. 1278, 1287 n.5 (D. Utah 1994)).

---

[2] Fed. R. Bankr. P. 7056, applicable in this adversary proceeding, incorporates Fed. R. Civ. P. 56(a).

As amplified in Part V.A below, the Debtors contend both that: (1) the undisputed facts negate elements of the Plaintiff's §727(a) claim; and (2) the Plaintiff lacks evidence in support of one (1) or more elements of the claim. With respect to the latter argument, the Debtors' burden on summary judgment "may be discharged by 'showing' – that is, pointing out to the . . . court– that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A leading treatise explains how this showing (of a negative) is made:

> [W]hen a movant contends a nonmovant lacks crucial evidence, this factual contention must be supported in the same manner as any other factual contention made in a summary judgment motion, by reference to disclosure and discovery materials, admissions, affidavits or declarations, and the like. The evidentiary support for this assertion probably does not have to be thorough and detailed as when a movant attempts to show that the facts are undisputed. Nonetheless, because the rule explicitly requires a "showing," there must be at least enough evidentiary support for the assertion that the nonmovant lacks crucial evidence to demonstrate the movant's good faith. The nonmovant and the court should not face the burdens imposed by a summary judgment when the movant has no basis for its assertion.

11-56 Moore's Federal Practice - Civil §56.40[1](b)[iv] (LexisNexis 2013) (quoted in Polichuk, 506 B.R. at 405).

## IV.  DENIAL OF DISCHARGE UNDER 11 U.S.C. §727(a)(2)

### A.  General Principles

A debtor's discharge pursuant to 11 U.S.C. §727 is "the heart of the fresh start provisions of the bankruptcy law." Rosen v. Bezner, 996 F.2d 1527, 1531 (3d Cir. 1993) (citation omitted). The denial of a debtor's discharge is an "extreme step and should not be taken lightly." Id. Because of its critical role in bankruptcy, the discharge provision is construed liberally in favor

of debtors.  Id.; In re Adeeb, 787 F.2d 1339, 1342-1343 (9th Cir. 1986).

Section 727 sets out certain grounds for the denial of a debtor's discharge.  In particular, §727(a)(2) provides:

The court shall grant the debtor a discharge, unless--

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
>
> > (A) property of the debtor, within one year before the date of the filing of the petition; or
> >
> > (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. §727(a)(2).

The exception can be viewed as having two (2) core components: (1) "an act (i.e., a transfer or a concealment of property) and (2) scienter (i.e., a subjective intent to hinder, delay, or defraud a creditor)."  See Rosen, 966 F.2d at 1531.

The text of §727(a)(2) further breaks down the "act" requirement into three (3) distinct elements:

> (1) the act was done at a time subsequent to one year before the filing of the petition or after the date of the filing of the petition;
>
> (2) the act was that of the debtor or his duly authorized agent; and
>
> (3) that the act consisted of transferring, removing, destroying or concealing any of the debtor's property.[3]

---

[3]  See id. at 1531 (3d Cir. 1993); In re DiLoreto, 266 F. App'x 140, 144 (3d Cir. 2008) (nonprecedential); In re Coley, 433 B.R. 476, 487 (Bankr. E.D. Pa. 2010); In re Rose, 397 B.R. 740, 742 (Bankr. M.D. Pa. 2008); In re Spitko, 357 B.R. 272, 301 (Bankr. E.D. Pa. 2006).

-6-

The requirement that a plaintiff establish that the debtor had an actual intent to hinder, delay, or defraud creditors "may be established by circumstantial evidence, or by inferences drawn from a course of conduct." Adeeb, 787 F. 2d at 1342-43 (citation omitted); accord Rosen, 996 F.2d at 1533. A debtor's intent generally is considered to be a question of fact, not ordinarily subject to resolution on a motion for summary judgment.[4] However, intent may be decided at the summary judgment stage, "[w]hen the evidence is so one sided that reasonable minds could not differ as to the only rational outcome . . . the factual issue of intent can be decided by the court as a matter of law." Okan's Foods, 217 B.R. at 755 (emphasis added) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. at 247-252); accord In re Dygert, 2000 WL 630833, at *9 (Bankr. D. Minn. May 11, 2000).

### B.  Applicability of §727(a)(2) in this Adversary Proceeding

The main thrust of the Plaintiff's claim is that the Debtors failed to schedule assets, failed to disclose pre-petition transfers and undervalued scheduled assets. In support of his request for denial of the Debtors' discharge, the Plaintiff invokes only 11 U.S.C. §727(a)(2).

There is case law supporting the proposition that the failure to schedule assets, if done with intent to defraud creditors, constitutes a concealment of property for purposes of the denial of discharge under 11 U.S.C. §727(a)(2).[5] Such purposeful conduct would appear to fall

---

[4] See In re Crater, 286 B.R. 756, 760-61 (Bankr. D. Ariz. 2002); In re Okan's Foods, 217 B.R. 739, 755 (Bankr. E.D. Pa. 1998); see also Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007) ("Issues such as intent and credibility are rarely suitable for summary judgment"); Coley, 433 B.R. at 493 ("proof of fraudulent intent is not especially susceptible to disposition by summary judgment").

[5] See, e.g., In re Jones, 445 B.R. 677, 723 (Bankr. N.D. Tex. 2011); see also In re
(continued...)

literally within the terms of 11 U.S.C. §727(a)(2)(B) as a concealment "of property of the estate, after the date of the filing of the petition" – at least if the schedules are filed after the petition. There is contrary authority, however, suggesting that such claims should be raised under 11 U.S.C. §727(a)(4), as a "false oath," made "knowingly and fraudulently."[6] Along the same lines, §727(a)(2) also might not be the proper legal theory for the Plaintiff's allegations that the Debtors undervalued disclosed assets and failed to disclose pre-petition transfers; perhaps such claims are more appropriate raised under §727(a)(4). However, I need not resolve these issues.

The Debtors have not disputed the legal sufficiency of the Plaintiff's claims under §727(a)(2). Their lack of interest in the issue is understandable because, in the context of a request for denial of discharge for failing to schedule assets, there is little difference between §727(a)(2) and the "false oath" prong of §727(a)(4). Under both statutory provisions, a plaintiff is required to show that there was a failure to disclose and that the omission was the product of the Debtor's fraudulent intent.[7] Thus, it is largely immaterial which Code section is pled.[8] If the

---

[5](...continued)
Gronlund, 2014 WL 4090433, at *5 (B.A.P. 9th Cir. Aug. 19, 2014); In re Svetc, 2014 WL 7011047, at *13 (Bankr. W.D. Ark. May 12, 2014). In re Estes, 2014 WL 897325, at *23 (Bankr. N.D. Ala. Mar. 6, 2014).

[6] See In re Corona, 2010 WL 1382122, at *14 (Bankr. D.N.J. Apr. 5, 2010); In re Blanchard, 201 B.R. 108, 121 (Bankr. E.D. Pa. 1996).

[7] The elements of a claim for denial of discharge under §727(a)(4) based on false oath are:

    1. the debtor made a false statement under oath;

    2. the debtor knew the statement was false;

    3. the debtor made the statement with the intent to deceive; and

(continued...)

Plaintiffs can prove that the Debtors omitted material assets from their schedules, materially undervalued their disclosed assets or failed to disclose material pre-petition transfers, the Debtors' discharge should be denied under either or both §727(a)(2) or (4).

The outcome of this adversary proceeding does not hinge on which statutory provision is invoked.  Rather, it depends on the existence or non-existence of evidence in support of the Plaintiff's factual contentions.  Consequently, I will assume, arguendo, that the Plaintiff's contentions, if proven, support the denial of discharge under §727(a)(2).

## V.  DISCUSSION

### A.  The Debtors' Contentions

The Debtors make two (2) main arguments in support of their request for summary judgment.

First, the Debtors argue that by failing to respond properly to their Requests for

---

[7](...continued)
          4. the statement was material to the bankruptcy case.

E.g., In re Singh, 433 B.R. 139, 154 (Bankr. E.D. Pa. 2010) (citing cases).

[8]     Indeed, the failure to disclose assets frequently is raised as a ground for denial of discharge as a "false oath" under 11 U.S.C. §727(a)(4).  See, e.g., Cadle Co. v. Zofko, 380 B.R. 375, 382 (W.D. Pa. 2007); In re Spitko, 357 B.R. 272, 312 (Bankr. E.D. Pa. 2006).

It also is not surprising that the Debtors have not suggested that the Plaintiff would be precluded from amending the Amended Complaint to raise their claims under 11 U.S.C. §727(a)(4).  See generally In re Jacobs, 401 B.R. 161, 174 (Bankr. E.D. Pa. 2009) (amendments that merely change the party's legal theory and that do not involve additional discovery, cost, and preparation are freely granted under Fed. R. Civ. P. 7015).

Admission, all of the requests are deemed admitted,[9] including the following facts:

>   (1) the Debtors properly included all of their assets in their bankruptcy schedules;
>
>   (2) the assets were not undervalued in the schedules; and
>
>   (3) the Debtors did not transfer any assets with the intent to hinder, delay, or defraud creditors prior to the filing of the Debtors' bankruptcy petition,

(Id. at 5-6). Of course, it is obvious that if the Plaintiff has admitted these facts, there is nothing left to his case.

Second, the Debtors argue that even if the Requests for Admission were properly denied, the Debtors are entitled to summary judgment because the Plaintiff must present some evidence in support of each element of its §727(a)(2) claim and has failed to do so.[10] Having sought discovery on the elements of the claim and received no response, the Debtors contend that the Plaintiff has no evidence to support any aspect of his claim.

I conclude that the Debtors' second argument is meritorious. I will grant the Motion solely on that ground without deciding whether the Plaintiff has admitted the facts stated in the Debtors' Requests for Admission.

---

[9] The Debtors argue that the Plaintiff failed to properly respond to the Requests for Admissions because his response was unsigned as required by Fed. R. Civ. P. 36 (applicable in this adversary proceeding by Fed. R. Bankr. P.7036) and therefore, that the Admissions are deemed admitted. (Debtors' Mem of Law at 5). There is authority supporting the Debtors' position. See Fireman's Ins. Co. of Newark, New Jersey v. Herbert, 2005 WL 3536091, at *3 (E.D. Va. December 20, 20050; Hayes v. City of Brooklyn Park, 2005 WL 1041494, at *6 (D. Minn. May 04, 2005).

[10] The Debtors also contend that the Plaintiff cannot testify regarding any information or communications from the Debtors that were made to the Plaintiff with regard to the Plaintiff's representation of the Debtors because it is privileged information and the Debtors have not waived the attorney/client privilege. The arguments seems to be offered to bolster their position that the Plaintiff lacks the evidentiary foundation for his §727(a)(2) claim. In any event, I find it unnecessary to reach this issue in the disposition of the Motion.

**B. Plaintiff Failed to Sustain His Burden of Producing Evidence at Summary Judgment**

In the Response, the Plaintiff denied the material allegations and arguments the Debtors stated in the Motion. The Response largely reads like a pleading, containing simple responses, such as "Admitted" or "Denied" or "Denied as a legal conclusion." The Plaintiff also stated in the Response that he "has sufficient evidence to successfully proceed at trial." (See e.g., Plaintiff Response ¶¶39-40). However, the Plaintiff submitted no evidence with his Response to support his position that there are material facts in dispute. Indeed, in the entire record there is not a shred of admissible evidence – as required by Rule 56[11] – supporting the Plaintiff's factual allegations (all of which were denied by the Debtors).

Essentially, in the Response, the Plaintiff relied on the pleadings to defeat the Debtors' summary judgment request. This is entirely inadequate.

It has long been held that a

> nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, nor rest on the allegations in the pleadings. Rather, the nonmoving party must go beyond the pleadings and either by affidavits, depositions, answers to interrogatories, or admissions on file, designate specific facts showing that there is a genuine issue for trial.

---

[11] Rule 56(c)(1) states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Bristow v. Pennsylvania, 2014 WL 7232105, at *2 (E.D. Pa. Dec. 18, 2014) (citations and quotation marks omitted).

Nor is it enough for the party opposing summary judgment to represent that he has the evidence and will present it at trial. As I explained last year:

> [T]he [plaintiff] misunderstands her obligation under Rule 56 as the party bearing the burden of proof at trial. To be blunt, the "appropriate time" for demonstrating that there is evidence that supports every element of each of the [plaintiff]'s claims (in response to the contention that no such evidence exists) is now, at summary judgment. It is not sufficient for the [plaintiff] to express "confidence" that she "will be able" to muster evidentiary support for her claims at trial.

Polichuk, 506 B.R. at 423 (citing cases).[12]

It was the Plaintiff's burden to come forward with proof, (e.g., affidavits or an expert report) in support of the factual contentions underlying his claim (i.e., that the Debtors own assets that they did not disclose or undervalued disclosed assets or transferred assets pre-petition without disclosing those transfers). Having failed to place any evidentiary matter in the summary judgment record, the Plaintiff has not met the burden necessary to defeat the Motion. Accordingly, the Debtors are entitled to summary judgment on the §727(a)(2) claim.

---

[12] In Polichuk, the plaintiff objected to the defendants motions as an abusive and improper attempt "to compel a full presentation of the [plaintiff's] evidence now due to [defendants'] failure to conduct adequate discovery." 506 B.R. at 423 (internal quotations omitted). I rejected the argument because the Polichuk defendants had not sat back idly; rather, all parties had engaged in vigorous discovery before the defendants filed their motion for summary judgment. Here too, the Debtors propounded discovery reasonably commensurate with the nature of this adversary proceeding in an effort to obtain access to the Plaintiff's evidentiary matter prior to trial. The Plaintiff produced no evidence in response to the Debtors' discovery requests. In these circumstances, there is no basis to question the Debtors' good faith in arguing on summary judgment that the Plaintiff has no evidence to support his factual contentions.

## VI.  CONCLUSION

For the reasons set forth above, the Debtors' Motion for Summary Judgment will be granted.  An order consistent with this Memorandum will be entered.

**Date: January 15, 2015**

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**